UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA MORGAN,<br><br>      Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:18-cv-00369<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LINDA MORGAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CAPITAL ONE FINANCIAL CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

### PARTIES

1

4. Plaintiff is a consumer over the age of 18, residing in Hebron, Indiana, which lies within the Northern District of Indiana.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation organized under the laws of the state of Delaware with Corporation Service Company as its registered agent located at 251 Little Falls Drive, Wilmington, DE 19808.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. Due to financial hardship, Plaintiff fell behind on her credit card payments, thus incurring debt ("subject debt").

10. In early 2018, Plaintiff began receiving calls to her cellular phone, (219) XXX-1224, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1224. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant primarily uses the phone number (800) 955-6600 when it contacts Plaintiff's cellular phone, but upon information and belief, it has used other phone numbers.

13. Upon information and belief, the above referenced phone number is regularly utilized by Defendant.

14. When Plaintiff answers calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before being connected to a live representative.

15. Shortly after Defendant began calling Plaintiff, she explained her inability to pay the subject debt and demanded that it stopped calling her cellular phone.

16. Notwithstanding Plaintiff's demand, Defendant continued calling Plaintiff's cellular phone up until the filing of the instant complaint.

17. Plaintiff has received no less than 35 calls from Defendant since demanding that it stop calling her cellular phone.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies non-stop collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

23. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several second in length, that Plaintiff experiences prior to being connected with a live representative is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts, including multiple calls per day from a multitude of different phone numbers, further suggests Defendant is using an ATDS when calling Plaintiff.

24. Defendant violated the TCPA by placing at least 35 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that Defendant cease contacting her.

25. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LINDA MORGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

    d.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  September 28, 2018                          Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Indiana | Admitted in the Northern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |